1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOBBY JOE JOHNSON Jr.
                    Plaintiff,

        v.

THE WASHINGTON STATE
DEPARTMENT OF CORRECTIONS *et al.*,

        Defendants

Case No. C08-5426BHS/JKA

ORDER STRIKING PLAINTIFF'S
MOTION TO PROCEED *IN FORMA
PAUPERIS* AS MOOT, ACCEPTING
REMOVAL, AND DIRECTING
DEFENDANTS TO FILE AN
ANSWER OR MOTION WITHIN
TWENTY DAYS

        This case has been referred to the undersigned Magistrate Judge.  The action was originally

filed in Thurston County Superior Court on May 29, 2008 (Dkt. # 1). Counsel for defendants learned

of the action and obtained a copy of the complaint from the state court on June 24, 2008 (Dkt. # 1).

Counsel acted within thirty days and filed a timely notice of removal on July 8, 2008 (Dkt. # 1).  The

court notes all named defendants joined in the notice of removal (Dkt. # 1).

        Defendants have removed the action and paid the $350 dollar filing fee prior to the state

court addressing plaintiff's motion to proceed *in forma pauperis* (Dkt. # 1, receipt number T-4117).

No court has ordered service of the complaint and defendants appeared specially in state court

without waiving the ability to contest sufficiency of service of process (Dkt. # 1, Exhibit 1,

Attachment A, Limited Notice of Appearance).

ORDER1

1  The notice of removal contains a foot note in which defendants state "No Defendants have

2  been personally served in this matter.  By filing this removal, Defendants do not waive service of

3  process or objection as to sufficiency of service of process or personal jurisdiction." (Dkt. # 1, page

4  1, Notice of Removal).

5  As defendants have paid the $350 Dollar filing fee, the court need not address plaintiff's

6  motion to proceed *in forma pauperis*.  The motion is moot because of payment of the fee.  The

7  motion to proceed *in forma pauperis* is **STRUCK** as moot.

8  The next step is for the court to determine if the action was properly removed. Plaintiff

9  specifically alleges this action is brought pursuant to 42 U.S.C. 1983 (Dkt. # 1, Attachment A,

10  compliant).  Plaintiff alleges his United States Constitutional Rights under the First, Fourth, Fifth,

11  and Eighth, Amendments have been violated by a decision he and his spouse could not participate in

12  contact visitation (Dkt. # 1, Attachment A, compliant).  The claims involved are properly federal

13  claims and removal was proper.

14  Defendants have appeared by removing the action from state court they affirmatively brought

15  the action to this court.  They have thus consented to the court's in personam jurisdiction. Despite

16  their statements to the contrary, Defendants have waived any objection as to service of process or in

17  personam jurisdiction.  There is little to no case law regarding removal of an action prior to service.

18  The court has consulted Rutter Group Practice Guide, Federal Civil Procedure Before Trial, Chapter

19  2 D, Removal Jurisdiction, Section 9, Effect of Removal, subsection f 2 (a) Effect of removing

20  before proper service. This learned treatise states:

21  > **Effect of removing *before* proper service?** The time for filing a responsive
> pleading is unclear where defendant removes an action to federal court *before* it has
> been served with a summons and complaint.  Arguably, filing the removal notice
22  > constitutes a *voluntary appearance* in the federal court proceedings.  If so, that
> should eliminate the need to effect formal service on defendant and its answer would
23  > be due 20 days after the notice of removal was filed (even if plaintiff later serves
> defendant).  However, there is no known authority on point.
24  

25  Rutter Group Practice Guide, Federal Civil Procedure Before Trial, Chapter 2 D, Removal

26  Jurisdiction, Section 9, Effect of Removal, subsection f 2 (a) Effect of removing before proper

27  service. (Emphasis, both bold type and italics, in original).

28  ORDER2

The court adopts this position.  The position is supported by the Ninth Circuits interpretation of Fed. R. Civ. P. 4 (m).  That rule gives a court discretion whether to dismiss an action if service was not proper when the defendant has actual notice of the action and would not be prejudiced by the court exercising its jurisdiction.  The Ninth Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and Fed. R. Civ. P. 4 (m) should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint.  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."  Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).  Defendants will be given **twenty days** from the date of this order to file an answer of other responsive pleading.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 17 day of July 2008.

/s/ _J. Kelley Arnold_
J. Kelley Arnold
United States Magistrate Judge

ORDER3