# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BOBBY JOE JOHNSON, JR.,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. C08-5426BHS

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING PLAINTIFF'S MOTION TO AMEND

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 6), and Plaintiff's objections to the Report and Recommendation (Dkts. 8 and 10).

**I. BACKGROUND**

On May 29, 2008, Plaintiff filed a Complaint in Thurston County Superior Court alleging Defendants had violated his liberty interests under the United States Constitution by denying him visitation rights with his wife. Dkt. 1, 24-27. Plaintiff also alleged violations of the Eighth Amendment for cruel and unusual punishment, as well as violations of the First and Fifth Amendments. This case was removed to federal court. On August 5, 2008, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. 4.

ORDER – 1

1 On August 28, 2008, Judge Arnold issued a Report and Recommendation, concluding that Defendants' motion should be granted because prisoners do not have constitutional rights to visitation. Dkt. 6 at 4.

On September 9, 2008, Plaintiff filed objections to the Report and Recommendation. Dkt. 8. It is unclear whether Plaintiff is specifically objecting to the Report and Recommendation. In his objections, Plaintiff moves the Court to amend his complaint to allege the following causes of action: (1) Defendants violated his equal protection rights because other prisoners were allowed visitation with spouses who had similar criminal backgrounds to that of his spouse, (2) Defendants retaliated against Plaintiff because he had filed grievances, and (3) Defendants' decision to deny him visitation rights was arbitrary and capricious. *See* Dkt. 7 (proposed amended complaint), *see also* Dkt. 8 *and* Dkt. 10 (second objection). The Court notes that Plaintiff improperly filed a second objection to the Report and Recommendation. The Court has considered both objections, but directs the Plaintiff to comply with the Local Rules of Civil Procedure.

On September 26, 2008, Defendants filed a response to Plaintiff's objections. Dkt. 9. Defendants move the Court to adopt the Report and Recommendation and deny Plaintiff's request to amend his complaint because allowing Plaintiff to do so would be futile.

## II. DISCUSSION

### A. DEFENDANTS' MOTION TO DISMISS

The Court adopts Judge Arnold's motion to dismiss Plaintiffs' claims in his original complaint. Plaintiffs' cause of action alleging violations of his liberty interests, cruel and unusual punishment, due process, and freedom of association under the Constitution, are dismissed with prejudice.

### B. PLAINTIFFS' MOTION TO AMEND

A party who moves to amend a complaint more than 20 days after serving the pleading must either obtain the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id*. In considering

ORDER – 2

whether to permit amendment, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The Court concludes that providing Plaintiff leave to amend his complaint is appropriate. This case is in its early stages of litigation and the Court does not find that Plaintiff has moved to amend his complaint in bad faith or with intent to cause undue delay. The Court also concludes that Defendants will not be unduly prejudiced by permitting Plaintiff to amend his complaint.

Finally, the Court does not find that it is futile to allow Plaintiff to amend his complaint at this time. Plaintiff alleges equal protection violations based on his allegation that similarly situated prisoners have received more favorable treatment under the prison visitation policies, and has alleged retaliation based on the grievances he has filed. Defendants may again move the Court to dismiss these amended claims as provided in the Federal Rules of Civil Procedure if warranted.

Plaintiff has filed an amended complaint. Dkt. 7. Only those claims in the amended complaint may proceed. The case is hereby re-referred to Judge Arnold.

### III. ORDER

The Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order:

(1) The Court **GRANTS** Plaintiff's request for leave to amend his complaint; and

(3) The Court adopts the Report and Recommendation (Dkt. 6) to the extent that Plaintiff's claims in his original complaint are **DISMISSED WITH PREJUDICE**; and

ORDER – 3

(4) The case, including all pending motions, is **RE-REFERRED TO UNITED STATES MAGISTRATE JUDGE J. KELLEY ARNOLD** in accord with the original order of reference.

DATED this 29th day of October, 2008.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4