UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBY JOE JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | Case No. C08-5426BHS <br><br> REPORT AND RECOMMENDATION <br><br> Noted for February 20, 2009 |

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. This matter comes before the court on plaintiff's motion for preliminary injunctive relief (Docs. 24 & 26). For reasons set forth below, the Court should deny plaintiff's request for injunctive relief.

## DISCUSSION

The basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). "Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting

REPORT AND RECOMMENDATION
Page - 1

relief.... Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (citations omitted). In order to obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

After reviewing the underlying complaint, Plaintiff's request for preliminary injunction and supporting pleadings, and defendants' opposition brief, the undersigned finds Plaintiff has not meet his burden to be entitled to injunctive relief. Plaintiff, Bobby Joe Johnson, is a Washington State inmate currently incarcerated at Monroe Correctional Complex (MCC), Intensive Management Unit (IMU). In the underlying Complaint, Plaintiff alleges that in early 2008, Defendants at Stafford Creek Corrections Center (SCCC) wrongfully denied the visitation request from his spouse/co-plaintiff, Tabitha Johnson.

Plaintiff now moves this court to order the Washington Department of Corrections to transfer him back to SCCC. Plaintiff argues in his motion that his transfer to MCC does not provide him with adequate access to legal materials. With regard to deficiencies in his motion, the court first notes Plaintiff has not shown or even argues the likelihood to succeed on the merits of his underlying claims. The injunctive relief requested by Plaintiff would also be an unwarranted and improper intrusion by the court into matters of internal prison security and safety which are normally left to the discretion of prison administrators. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996) (courts should defer to the judgment of prison officials on prison security issues). Determining where an inmate should be incarcerated and what custody classification the inmate should have are quintessentially matters of prison security which should be left to prison administrators.

In addition, Plaintiff's motion is not limited to the claims contained in the underlying Complaint. For instance, Plaintiff asks the court to impose an order on correctional officials who are not parties to this action. It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id.

## CONCLUSION

Plaintiff's requests for preliminary injunction should be denied since plaintiff has not alleged or presented any facts which indicate that any immediate or irreparable harm is likely absent the requested injunctive relief. Plaintiff has not shown a likelihood of success on the merits of his underlying complaint, and the relief requested goes beyond the scope of the underlying claims.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

Dated this 27th day of January, 2009.

                */s/ J. Kelley Arnold*
                J. Kelley Arnold
                United States Magistrate Judge