1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

BOBBY JOE JOHNSON, JR.,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, DAN
PACHOLKE and ANDREW BURKE,

Defendants.

CASE NO.  C08-5426BHS

REPORT AND
RECOMMENDATION TO
DISMISS COMPLAINT

Noted for November 27, 2009

17      This case has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C.

18  § 636(b)(1)(B).  This matter comes before the court upon defendants' motion to dismiss this

19  matter for lack of prosecution (Doc. 47).  After reviewing the motion, the undersigned

20  recommends that the court GRANT the motion.

21

22                    PROCEDURAL AND FACTUAL BACKGROUND

23      The original complaint in this matter was removed from state court and filed with the

24  U.S. District Court on July 8, 2008.  After removal, defendants filed a motion to dismiss, which

25  was granted by the Court, but plaintiff was allowed to file an amended complaint.

26      An Amended Complaint was filed on October 29, 2008 (Doc. 12).  Plaintiff alleges

therein that prison officials wrongfully denied him visitation with his spouse due to her

disabilities and that he was retaliated against because of the numerous grievances he filed against the prison officials. Defendants answered the Amended Complaint and the court issued a pretrial schedule. The discovery period has expired and now defendants have moved to dismiss the matter for lack of prosecution. Plaintiff has not filed any opposition to the dispositive motion

## DISCUSSION

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A party proceeding pro se shall keep the court and opposing parties advised as to his current address." Local Civil Rule 41(b)(2) (W.D. Wash.). Moreover, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. Local Civil Rule 7(b)(2) (W.D. Wash.).

The Clerk's current address for plaintiff is a prison facility, but apparently plaintiff has not been incarcerated since June 4, 2009. The most recent orders issued by the court and sent to plaintiff have been returned by the U.S. Postal Service. (Docs 44, 45, & 46). Plaintiff Johnson has failed to submit a notice of change of address as required. According to the undisputed facts set forth in defendants' motion, since his release from prison plaintiff has resided with his girlfriend and his father. Defendants state that Mr. Johnson appeared for a deposition on July 2, 2009 at the DOC Bremerton Field Office, but has failed to respond to written discovery. Counsel for defendants state that they have been unsuccessful in attempts to contact Mr. Johnson to meet and confer regarding his overdue discovery responses. In light of plaintiff's failure to maintain his address with the court, his failure to conduct discovery and respond to telephone inquiries to his last known phone number, and his failure to file any opposition to the motion to dismiss, defendants' motion should be granted.

## CONCLUSION

Based on the foregoing, the Court should GRANT defendants' motion to dismiss this matter for lack of prosecution. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 27, 2009, as noted in the caption.

DATED this 4th day of November, 2009.

J. Richard Creatura
United States Magistrate Judge